**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Brenda R. BUECHLER, Defendant—Appellant,**

v.

**Nancy WATTERS, Defendant—Appellee.**

No. 00–35374.

D.C. No. CV–96–00017–HRH.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 10, 2001 *.

Decided Sept. 25, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before SCHROEDER, T.G. NELSON, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

The issue in this case is whether the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001—1461 (1994), preempts state community property law when state law requires an employee welfare plan to pay benefits to someone other than the designated beneficiary. We conclude that it does. Appellant Buechler's claim to benefits from her deceased former husband's life insurance policy is thus preempted by ERISA, and we affirm.

The parties do not dispute that the life insurance policy was part of an employee welfare plan governed by ERISA. The issue is whether ERISA preempts Buechler's claim.

In *Emard v. Hughes Aircraft Co.,*[1] this court held that ERISA preemption does not bar California community property law from requiring distribution of ERISA life insurance proceeds to someone other than the designated beneficiary.[2] However, in the recent case of *Egelhoff v. Egelhoff,*[3] the Supreme Court implicitly overruled *Emard.*

In *Egelhoff,* a Washington statute automatically revoked a former spouse's designation as a beneficiary if the marriage was subsequently dissolved or invalidated.[4] In effect, the statute required that "[t]he administrators [of employee welfare plans] must pay benefits to the beneficiaries chosen by state law, rather than to those identified in the plan documents."[5] The Supreme Court cited *Emard* in observing that some courts had concluded that ERISA does not preempt such statutes.[6] The Court concluded that ERISA preempted the Washington statute because it "directly conflicts with ERISA's requirements that plans be administered, and benefits be paid, in accordance with plan documents."[7] Accordingly, to the extent that *Emard* held that ERISA does not preempt state laws that require an employee welfare plan to pay life insurance proceeds to someone other than the named beneficiary, *Emard* did not survive *Egelhoff.*

■ After *Egelhoff,* it is clear that applying California community property law as Buechler urges would implicate "an area of core ERISA concern"[8] by ultimately requiring the plan administrator to "pay benefits to the beneficiaries chosen by state law, rather than those identified in the plan documents."[9] This is incompatible with ERISA's goal of promoting "nationally uniform plan administration"[10] by allowing plan administrators to "make pay-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1.  153 F.3d 949 (1998).

2.  *Id.* at 956.

3.  532 U.S. 141, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001).

4.  *Id.* at ——, 121 S.Ct. at 1326.

5.  *Id.* at ——, 121 S.Ct. at 1327.

6.  *Id.* The Court granted certiorari to resolve the conflict. *Id.*

7.  *Id.* at ——, 121 S.Ct. at 1329. The Court reached this conclusion even though the Washington statute did not expressly encompass ERISA plans. *See id.* at ——, 121 S.Ct. at 1326.

8.  *Id.* at 1327.

9.  *Id.*

10.  *Id.* at ——, 121 S.Ct. at 1328.

ments simply by identifying the beneficiary specified by the plan documents."[11] Under *Egelhoff*, ERISA plainly preempts Buechler's claim.[12]

The alleged fraud in this case is relevant only if California community property law determines who receives the life insurance policy proceeds. Because we conclude that ERISA preempts California law, the fraud issue is moot.

■ The Supreme Court has already rejected Buechler's alternative argument that ERISA preemption should not apply when recovery is sought only against a beneficiary and thus does not interfere with the administration of the plan itself. In *Egelhoff*, non-beneficiaries sued a designated beneficiary, rather than the plan, to recover plan proceeds,[13] but this fact did not prevent the Supreme Court from concluding that ERISA preemption applied. Furthermore, the Supreme Court expressly considered and rejected an argument similar to Buechler's in *Boggs v. Boggs*.[14]

In sum, the Supreme Court has made it plain that ERISA preempts state law that operates to channel ERISA plan benefits to someone other than the designated beneficiary. Accordingly, ERISA preempts Buechler's California community property law-based claim. The sole legal interest Buechler had in the policy sprang from her designation as a beneficiary and disappeared when Watters replaced Buechler as beneficiary. Watters properly prevailed in the district court.

AFFIRMED.

---

11. *Id.*

12. The facts that the Buechlers' marital settlement agreement was not a "Qualified Domestic Relations Order" (QDRO) under ERISA, and that this case does not involve an annuity, also indicate that ERISA preempts Buechler's claim. *See Boggs v. Boggs*, 520 U.S. 833, 850, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997) (finding that ERISA preemption applied to bar a community property law-based claim to pension plan benefits and stating that "[t]he QDRO and the surviving spouse annuity provisions define the scope of a nonparticipant spouse's community property interests in pension plans consistent with ERISA.").

13. *Egelhoff*, 532 U.S. at ——, 121 S.Ct. at 1326.

14. 520 U.S. 833, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997). In *Boggs*, the Fifth Circuit affirmed a summary judgment against a desig-

nated ERISA beneficiary when the sons of a former beneficiary sued under state law to recover proceeds the ERISA plan had already paid to the new beneficiary. *Id.* at 835–38, 117 S.Ct. 1754. The Supreme Court observed that the Fifth Circuit had "stressed that Louisiana law affects only what a plan participant may do with his or her benefits after they are received and not the relationship between the pension plan administrator and the plan beneficiary." *Id.* at 838, 117 S.Ct. 1754. The Court nonetheless concluded that ERISA preempted the sons' state law claims and reversed the Fifth Circuit. *Id.* at 854, 117 S.Ct. 1754; *see also id.* at 849–50, 117 S.Ct. 1754 ("Reading ERISA to permit nonbeneficiary interests, even if not enforced against the plan, would result in troubling anomalies.... Neither result accords with the statutory scheme.")